UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION


MICHAEL L. PASHOS,              )
                                )
          Petitioner,           )
                                )
     v.                         )         No. 4:04 CV 428 DDN
                                )
JIM MOORE,                      )
                                )
          Respondent.           )

                           **MEMORANDUM**

    This action is before the court upon the petition of Missouri state prisoner Michael L. Pashos for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

    On November 20, 2001, petitioner Michael Pashos pled guilty in the Circuit Court of St. Louis County to one count of domestic assault in the first degree and one count of armed criminal action. (Doc. 11, Ex. B at 6.) Petitioner was sentenced to eight years in the Missouri Department of Corrections on each count. (Id. at 15.) These sentences were to be served concurrently with each other, but consecutively to the sentence petitioner was then serving for violating his parole in an earlier case. During the November 20, 2001 proceeding, the circuit judge addressed petitioner:

> THE COURT:  . . . As I stated, these two eight-year sentences will run concurrently with one another, but they shall be consecutive to any sentence that you're presently serving in the Missouri Department of Corrections, under Cause No. 97CR-1109.
>
> And I understand, it's a parole violation?
>
> THE DEFENDANT:  DWI, Your Honor.
>
> THE COURT:  But it's a parole violation?
>
> THE DEFENDANT:  Yes, sir.
>
> THE COURT:  You have about a year and a half, is that my understanding?

>    THE DEFENDANT: Eight months, Your Honor. September 2nd, 2002.

(Doc. 11, Ex. B at 15-16.)[1]

On January 23, 2002, petitioner filed a pro se motion for post-conviction relief. He argued that his plea was involuntary, and that his attorney rendered constitutionally ineffective assistance of counsel by telling him he would be eligible for parole after he served 50 percent of his sentence, when in fact he had to serve 85 percent of his sentence. Further, he argued in an unclear manner that the execution of his sentences was adversely affecting his ability to serve other sentences concurrently. (Id. Ex. A, at 10-12.)

In an amended motion, petitioner argued the earlier grounds for relief, adding that his counsel told him he would serve 50 to 60 percent of his sentence. Petitioner also added that the written sentence judgment order did not conform with the oral sentence stated in the courtroom, in that the written judgment stated that petitioner's November 20, 2001 sentences would be served consecutively to not only the sentence in Cause No. 97 CR 1109, but also any other sentence he was then serving in the Missouri Department of Corrections. (Id. at 16-35.)

On July 31, 2002, the circuit court denied petitioner's motion for post-conviction relief. The circuit court found as a matter of fact from the record that the written judgment varied from the oral sentence as alleged. However, there was no prejudice to petitioner because the only other sentence petitioner was serving on November 20, 2001 was the one issued in Cause No. 97 CR 1109. Therefore, the court found that petitioner was not prejudiced and was not entitled to relief. (Id. at 41-46.)

---

[1]This sentence reflected the state's recommendation:

> Count I and II would be run concurrently; however, the sentences would be to run consecutive to any other sentence that the defendant is currently serving in the Missouri Department of Corrections. Specifically under Cause No. 97Cr-1109.

(Doc. 11, Ex. B at 13.)

Petitioner appealed his guilty plea convictions to the Missouri Court of Appeals which affirmed the lower court's decision. (Doc. 11, Ex. E.)

Petitioner commenced this federal habeas action under § 2254, asserting the following grounds:[2]

(1) Petitioner was denied effective assistance of counsel because his lawyer improperly advised him as to when his sentences would begin.[3]

(2) Petitioner was denied effective assistance of counsel because his lawyer improperly advised him to not disclose to the court that he was taking medication that would impair his judgment.

Respondent alleges that Ground 1 is without merit, and that Ground 2 must be dismissed because petitioner did not raise it with the Missouri state courts and because it, too, is without merit.

## Ground 1

Habeas relief may not be granted by a federal court on a claim that has been decided on the merits in state court unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

---

[2]Petitioner moved to amend his federal habeas petition on August 8, 2004. (Doc. 13.) This motion was granted and the petitioner was given until October 4, 2004, to amend. (Doc. 14.) However, petitioner has not filed an amended petition.

[3]Specifically, Pashos alleges that counsel told him that he would only have to serve 50 percent, or at most 60 percent, of his sentences before becoming eligible for parole. (Doc. 5.) This refers to any delay in the commencement of the November 20, 2001 sentences until after petitioner completed serving the sentence or sentences he was serving at the time of the guilty plea and sentencing on November 20, 2001.

"A state court's decision is contrary to clearly established law if the controlling case law requires a different outcome either because of factual similarity to the state case or because general federal rules require a particular result in a particular case." Tokar v. Bowersox, 198 F.3d 1039, 1045 (8th Cir. 1999), cert. denied, 531 U.S. 886 (2000). The issue a federal habeas court faces when deciding whether a state court unreasonably applied federal law is "whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 352, 694 (2002). "[A] federal habeas court may not issue a writ under the unreasonable application clause 'simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly.'" Bell v. Cone, 535 U.S. 685, 694 (2002) (quoting Williams, 529 U.S. at 411). In other words, even if this court decides that the state courts decided a claim incorrectly, it cannot grant habeas relief if the state court ruling was nevertheless reasonable.

In Ground 1, petitioner alleges he received ineffective assistance of counsel because his attorney improperly advised him of the percentage of his sentence he must serve in order to be eligible for parole, and when his sentence would start.

In Strickland v. Washington, 466 U.S. 668, 687-88 (1984), the Supreme Court defined ineffective assistance of counsel under the Sixth Amendment. To demonstrate constitutionally ineffective assistance, petitioner must show (1) that counsel's performance was deficient and did not conform to that of a reasonably competent attorney and (2) that the deficient performance prejudiced the defense in that the outcome of the proceedings would have been different. Id.

Petitioner alleges that counsel told him he would only have to serve 50 percent, or at most 60 percent, of his sentences before becoming eligible for parole. (Doc. 5.) Under Mo. Rev. Stat. § 558.019.3, petitioner is required to serve at least 85 percent of his sentence for a dangerous felony. Petitioner alleges that, had he known of the correct parole eligibility percentage, he would have insisted on trial and, therefore, his guilty plea was involuntary. (Doc. 5.)

Guilty pleas must be voluntary, knowing, and intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences. Brady v. United States, 397 U.S. 742, 748 (1970). A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense "unless induced by threats . . . , misrepresentation . . . , or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business." Id. at 754.

Parole eligibility is a collateral consequence of a guilty plea and the defendant need not be informed of this to make a guilty plea knowing and voluntary. Hill v. Lockhart, 474 U.S. 53, 56 (1985). Nevertheless, erroneous advice concerning parole eligibility may constitute ineffective assistance of counsel, if the petitioner shows that he pled guilty as a direct consequence of his counsel's advice and, but for this advice, the outcome of the plea process would have been different. Garmon v. Lockhart, 938 F.2d 120, 121 (8th Cir. 1991); Hale v. Lockhart, 903 F.2d 545, 548-49 (8th Cir. 1990) (citing Hill v. Lockhart, 894 F.2d 1009, 1010 (8th Cir.) (en banc), cert. denied. 497 U.S. 1011 (1990)). However, not every instance of a lawyer's failure to inform a client accurately of parole eligibility will reach the level of a constitutional violation. Hill, 894 F.2d at 1010; see also Hale, 903 F. 2d at 549.

Regarding Ground 1, the Missouri circuit court found in part as follows:

> 13. . . . . The record further reflects that [petitioner's] plea was knowing and voluntarily entered. [Petitioner] admitted his guilt under oath, indicated that he understood his rights attending trial and that he was satisfied with the services rendered by his attorney, that his attorney did everything asked of him prior to his entering his guilty plea, ***and that no* threats or *promises were made to force [him] to plead guilty. . . .*** The record clearly reflects that [petitioner's] plea was knowingly and voluntarily entered. [Petitioner] has failed to demonstrate otherwise. [Petitioner's] point is denied.
>
> 14. [Petitioner's] final allegation alleges that trial counsel was ineffective for misadvising [him] that he would serve two concurrent eight-year sentences concurrent with his sentence in his previous case. This point is clearly refuted

by the record. Before [petitioner] entered his plea, the
State's recommendation was clearly stated on the record that
the two concurrent eight-year sentences would run consecutive
to, and not concurrent with, his sentence in his previous
case. The Court asked [petitioner] whether he was aware that
was going to be the recommendation of the Prosecutor's Office
prior to entering these pleas of guilty to which [petitioner]
answered affirmatively. . . . [Petitioner's] mistaken belief
that all his sentences would run concurrently was
unreasonable and does not demonstrate ineffective assistance
of counsel in light of [his] signature on the guilty plea.
The transcript reveals [petitioner] is not illiterate, and
that he responded to the Court's questions with clear and
straightforward answers. . . . [Petitioner] has suffered no
prejudice.

(Doc. 11, Ex. A at 45-46)(emphasis added.)

On appeal, the Missouri Court of Appeals ruled, in relevant part:

In his sole point relied on, [petitioner] argues the
motion court erred in denying his Rule 24.035 motion without
an evidentiary hearing because he received ineffective
assistance of counsel.

[Petitioner] contends his plea counsel was ineffective
for incorrectly advising him that he would only have to serve
50%, or at most 60%, of his sentences before becoming
eligible for parole. In fact, [petitioner] is required by
section 558.019.3 to serve at least 85% of his sentences
before becoming eligible for parole. [Petitioner] alleges
that if his plea counsel had correctly informed him about his
parole eligibility he would have pleaded not guilty and
proceeded to trial. [Petitioner] asserts that the motion
court's finding that the record refuted [his] claim was
clearly erroneous.

\* \* \*

Generally, parole eligibility is a collateral
consequence of a guilty plea about which the defendant need
not be informed to make a guilty plea knowing and voluntary.
. . . However, if counsel misinforms the defendant about the
parole consequences of his plea and defendant relies on this
misinformation, the misinformation can affect the
voluntariness of the plea. . . . [Petitioner's] factual
allegations, if true, would entitle him to relief. The first
prong of the test entitling [him] to an evidentiary hearing
is satisfied. We turn next to the issue of whether
[petitioner's] allegations are refuted by the record.

The record refutes [petitioner's] allegation that his
plea counsel was ineffective for misinforming him as to the
amount of his sentence he would have to serve before becoming
eligible for parole. [Petitioner] answered affirmatively

> when he was asked by the trial court at his plea and
> sentencing hearing whether his guilty plea was voluntary.
> [Petitioner] asked the trial court to accept his plea because
> he was, in fact, guilty of the crimes charged. [Petitioner]
> was informed of the possible range of punishment on each
> count. [Petitioner] also stated that he was aware that the
> state's recommendation was going to be eight years on each
> count. Both before and after sentencing, the trial court
> asked [petitioner] whether, apart from the plea negotiations,
> anyone had made ***any promises*** or threats to him in order to
> induce him to plead guilty. Both times, [petitioner]
> answered, "No, sir, Your Honor."

(Id., Ex. E, suppl. op. at 3-4)(emphasis added.)

The Missouri courts considered petitioner's allegations about his attorney's advice. Both courts reviewed petitioner's statements at the guilty plea-sentencing hearing. Petitioner's statements indicated that petitioner's guilty pleas were based on the record before the circuit court and that no promises, even the allegedly incorrect information from his plea counsel, induced him to plead guilty. Therefore, it is clear under federal law that petitioner was not prejudiced. He would not have insisted on going to trial even if he had known he was to serve 85 percent of his sentence rather than the 50 to 60 percent he allegedly was told by counsel. Garmon, 938 F.2d at 121; Hale, 903 F.2d at 548-49.

Whether or not this court would have made the same findings of fact is not relevant. There is substantial evidence in the record quoted above to support the findings and conclusions of the Missouri courts. This court cannot say the decisions of the Missouri courts on petitioner's Ground 1 are unreasonable. Therefore, Ground 1 is without merit.

### Ground 2

Respondent argues that Ground 2 was never presented to the Missouri courts. In order to obtain consideration under § 2254, a state prisoner must fully exhaust all remedies available in the state courts for each ground he intends to present in federal court. 28 U.S.C. § 2254(b),(c); Coleman v. Thompson, 501 U.S. 722, 731 (1991); Wayne v. Mo. Bd. Of Prob. & Parole, 83 F.3d 994, 996 (8th Cir. 1996). Missouri prisoners must give the Missouri state courts a full opportunity to resolve any alleged

constitutional issues by invoking one complete round of the state's established circuit court procedures and appellate court review in order to proceed on a federal habeas corpus claim. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Petitioner's allegation regarding counsel improperly advising him not to disclose his use of medication to the court is barred from review in this court. Petitioner never presented this ground to any state court. Failure to raise it in the state courts erects a procedural bar to consideration in this court. Sweet v. Delo, 125 F.3d 1144, 1149-51 (8th Cir. 1997), cert. denied, 523 U.S. 1010 (1998); see also Coleman, 501 U.S. at 750. Therefore, this court may address the merits of this ground only if petitioner can show legally sufficient cause for not presenting this claim in state court and actual prejudice resulting from the asserted constitutional error, or if he can demonstrate that the court's failure to consider Ground 2 would result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750; Wainwright v. Sykes, 433 U.S. 72, 81, 87 (1977); Griffini v. Mitchell, 31 F.3d 690, 692 (8th Cir. 1994).

Petitioner fails to allege, nor does the record show, any legally sufficient cause for his default. To invoke the actual innocence exception to the procedural default, petitioner must show that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 326 (1995). An assertion of actual innocence cannot be based upon an allegation that a guilty plea was induced by ineffective counsel, because such is a claim of legal innocence rather than factual innocence. Jolly v. Gammon, 28 F.3d 51, 54 (8th Cir. 1994); Nolan v. Armontrout, 973 F.2d 615, 617 (8th Cir. 1992).

## CONCLUSION

For the reasons set forth above, the petition of Michael Pashos for a writ of habeas corpus must be denied. An appropriate order is issued herewith.

/s/ David D. Noce
_____
**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on December 8, 2005.